

**FILED**
**APRIL 24, 2007**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| HOWARD LEE BARNES, §<br>a.k.a. Professor Ali-Hamza, §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>NATHANIEL QUARTERMAN, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>§<br>Respondent. § | 2:06-CV-0220 |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner HOWARD LEE BARNES, a.k.a. Professor Ali-Hamza, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of a prison disciplinary proceeding. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

### I.
### PROCEDURAL HISTORY

On July 6, 1993, petitioner was convicted of the offense of burglary of a vehicle, repeat offender, in the 258th Judicial District Court of Jefferson County, Texas, and sentenced to twenty (20) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. Further details of petitioner's holding conviction are not necessary for a resolution of the

instant case.

On or about May 24, 2006, petitioner was accused, in Disciplinary Case No. 20060270828, with the offense of threatening to inflict harm on a correctional officer. Specifically, petitioner was accused of telling the officer, "I know your name, I know your whole name you hoe, I'm from Amarillo. I know where you live, bitch." On May 26, 2006, petitioner was notified in writing of the alleged offense and that a disciplinary hearing would be held on March 30, 2006. At the disciplinary hearing, a Hearing Officer found petitioner guilty of the charged offense based on the charging officer's report, petitioner's acknowledgment that he used abusive, but not threatening, language toward the correctional officer, and testimony at the hearing. As punishment, the officer ordered that petitioner forfeit 365 days of previously accrued good time credits. The officer explained his assessment of the punishment was based on the seriousness of the offense, petitioner's disciplinary history, and to encourage more appropriate behavior. The hearing lasted fifteen (15) minutes.

Following the guilty finding in the disciplinary proceeding, petitioner filed a Step 1 grievance in which he alleged the charging officer and other correctional officers had made racial remarks toward petitioner's religion and heritage as they passed by his holding cell. Petitioner acknowledged telling the charging officer, "I know your name, your whole name, I know where you live also," but denied using the words "hoe" or "bitch," and denied making the statement with the intent to threaten the correctional officer. Petitioner explained the statement was made simply to let the officer know petitioner was "his home boy," and that the officer should be helping petitioner "get moved off the building back to the PAMIO program." Petitioner acknowledged, however, that the "confrontation went in the wrong direction." Petitioner further argued that any hostile, threatening behavior on his part was the result of his mental illness. Petitioner alleged the disciplinary charge resulted in a violation of his constitutional right to freedom of speech and that respondent's disciplinary rule

prohibiting the threatening of a correctional officer was facially unconstitutional. Petitioner also argued the disciplinary charge was a result of respondent retaliating against petitioner for exercising his right to "access to the courts." On July 3, 2006, after a review of "all related investigative documentation," petitioner's grievance was denied with the findings that charge against petitioner was appropriate, no investigative, service, or procedural errors were noted, the case was presented to a fair and impartial hearing officer, that based on the evidence presented at the hearing, a guilty verdict was appropriate, and the punishment was consistent with the guidelines.

Petitioner also filed a Step 2 grievance wherein he argued the disciplinary audio would reveal the charging officer "was lying about this incident," and that the charging officer and another correctional officer had, in fact, made so many racial remarks toward petitioner's religion and heritage that "they had [him] crying." Petitioner's Step 2 grievance was denied July 28, 2006 with the following findings:

> Major disciplinary case #20060270828 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. There was nothing to indicate staff submitted false statements or reports. The Mental Health department cleared you for the disciplinary process. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines. There was nothing to support your allegations against staff.

On August 22, 2006, petitioner instigated the instant federal habeas corpus proceeding.

II.
GROUNDS

In his habeas application, petitioner asserts as his only ground, "Violation of my right to due process in a disciplinary action taken by prison officials." Petitioner does not set forth any supporting facts, rather, he refers the Court to his "supporting affidavit." In his affidavit, although

not entirely clear, petitioner does not appear to allege that prison officials violated his procedural due process rights in the disciplinary proceeding.  Instead, petitioner seems to allege:

1. Petitioner did not intend for his statement to be threatening and "anyone in his right mind would know that that statement [petitioner] made [was] no threat to anyone";

2. Punishment for petitioner's statement is a violation of the First Amendment's freedom of speech clause;

3. Petitioner was denied due process because he was not allowed to "gather up his witnesses, and to call them to the disciplinary hearing";

4. The TDCJ-CID rule prohibiting "threatening a prison employee with legal redress during a confrontation situation" is facially unconstitutional;

5. The disciplinary charges against petitioner were false;

6. Petitioner was denied effective assistance of counsel because counsel substitute refused to get a statement from all of the correctional officers involved in the incident;

7. Petitioner's punishment violates the Constitution's prohibition against ex post facto laws because it results in the imposition of a punishment more severe than that assigned when his criminal act occurred;

8. The application, to petitioner, of an unidentified amendment to the Prison Management Act, as well as his incarceration beyond the "1/4 law eligibility parole date," violates the Constitution's prohibition against ex post facto laws;

9. The findings of the disciplinary hearing officer were based on "flawed analysis, and that there were no facts that would support the finding of guilty in any disciplinary hearing."

## III.
## MERITS

Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States."  *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted).  The Due Process Clause of the United States Constitution does not protect every change in

the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions which are required. Those are: (1) advance written notice of the charges; (2) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563-566. In addressing these type of cases, the Fifth Circuit has declared that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, so long as there is "any evidence at all" to support the disciplinary hearing officer's findings, the result of the hearing will be upheld. *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied,* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982).

Viewing the evidence in the light most favorable to the State, evidence at the hearing in the form of the officer's report and testimony, as well as petitioner's acknowledgment that he used abusive language toward the officer, apparently established, to the Hearing Officer, that petitioner threatened the correctional officer. Petitioner does not allege respondent failed to provide him with notice of the charges, or that a hearing was not held in due course. Petitioner does not contend he was denied the opportunity to present evidence to support his defense. Instead, petitioner

predominately argues he did not intend for the abusive statements he made to the charging officer to be threatening. On habeas review, the existence of *any evidence* in support of the disciplinary adjudication requires this Court to uphold the disciplinary finding and punishment. The charging officer's report and the testimony at the disciplinary hearing, as well as petitioner's acknowledgment that he made similar statements, all of which were identified by the hearing officer in the disciplinary report, constitute "any evidence" and this Court must find against petitioner.

To the extent petitioner claims he was denied due process because he was not allowed to call certain unidentified witnesses and that counsel was ineffective for failing to get a statement from each of the correctional officers who witnessed the incident, petitioner has failed to demonstrate who the witnesses were, what their purported testimony would have been, that they would have, in fact, have testified, that he requested the presence of such witnesses, that the calling of the witnesses would not have compromised the security of the disciplinary proceedings, or how such testimony would have assisted petitioner's defense or would have changed the outcome of the hearing. Petitioner cannot show he was prejudiced by any alleged denial of witnesses.

To the extent petitioner claims violations of protected speech, petitioner has failed to state a claim upon which federal habeas corpus relief can be granted. To the extent petitioner argues ex post facto violations, petitioner has failed to adequately identify such alleged violations, relate the relevant facts surrounding any such purported violation, or present supporting argument demonstrating such a violation. Such complaints are conclusory.

IV.
<u>RECOMMENDATION</u>

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by

petitioner HOWARD LEE BARNES, a.k.a. Professor Ali-Hamza be, in all things, DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).